UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RUSSELL LEO RALPH,            )
                             )
            Petitioner,       )
                             )
      v.                      )     No. 4:05CV0909(JCH)
                             )
UNITED STATES OF AMERICA,      )
                             )
            Respondent.       )

<u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon the application of Russell L. Ralph, a federal inmate currently confined at FCI-Pekin, for leave to commence the instant action without prepayment of the required filing fee pursuant to 28 U.S.C. § 1915 [Doc. #1] and for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because petitioner has insufficient funds to pay the filing fee, the Court will grant petitioner leave to proceed in forma pauperis. Upon review of the petition, however, the Court finds that it should be dismissed.

**Background**

On December 12, 1994, petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and to receiving and possessing a firearm not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

5861.  See United States v. Ralph, No. 4:94CR261(JCH) (E.D. Mo.).

Petitioner was subsequently sentenced to 262 month's imprisonment

on the felon in possession charge and 120 month's imprisonment on

the possession of an unregistered firearm charge.[1]  These

sentences run concurrently.  Id.  Petitioner's convictions and

sentences were affirmed by the Eighth Circuit Court of Appeals.

United States v. Ralph, No. 95-2151 (8th Cir., Nov. 1, 1995).  A

review of this Court's records indicates that petitioner has not

filed a proper motion to vacate, set aside or correct sentence

pursuant to 28 U.S.C. § 2255.[2]

### The petition

On June 3, 2005, petitioner filed the instant pro se

petition for a writ of habeas corpus.  Petitioner challenges both

the manner in which his sentences are being executed and the

validity of his convictions and sentences.

### Discussion

[1]In addition, upon release from confinement petitioner was
sentenced to 3 year's supervised release on each conviction.  The
terms of supervised released also running concurrently.

[2]In 2001, petitioner filed an application for a writ of
habeas corpus, but it was not clear whether plaintiff sought
relief pursuant to 28 U.S.C. § 2241 or § 2254.  Ralph v. United
States, No. 4:01CV35(JCH) (E.D. Mo.).  This Court found that even
if liberally construed as a § 2254 action, the petition would
have to be dismissed at time barred.  Id.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## A. 28 U.S.C. § 2241

Petitioner clearly challenges both the validity of his federal convictions and sentences and the manner in which those sentences are being executed. Generally, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 cannot be used to challenge the validity of a federal conviction where the petitioner has failed to seek relief under § 2255 unless petitioner can show that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255.

As noted above, petitioner has not previously sought relief pursuant to § 2255. Nor has petitioner demonstrated that the § 2255 remedy is "inadequate" or "ineffective" to test the legality of his detention. Consequently, petitioner cannot maintain the instant action under § 2241.

Even if petitioner could assert his claims - including his claims challenging the manner in which his sentence is being executed - in a § 2241 action, this Court would not grant petitioner the relief he seeks. Under 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." To exercise habeas jurisdiction under § 2241, a district court must have jurisdiction over the petitioner's custodian. See Braden v.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Thirtieth Judicial Circuit Ct., 410 U.S. 484, 495 (1973); Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974). In the case at hand, however, petitioner's custodian is the Warden at FCI-Pekin. FCI-Pekin is located in Pekin, Illinois which is outside the boundaries for this Court. Because this Court does not have jurisdiction over petitioner's custodian, it cannot grant petitioner relief under § 2241 - no matter what the underlying claim.

**B. 28 U.S.C. § 2255**

Pleadings filed by an inmate proceeding pro se are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). Although this Court does not have jurisdiction over petitioner's § 2241 action, this Court might have jurisdiction to consider petitioner's claim under 28 U.S.C. § 2255. Unlike a petition for a writ of habeas corpus under § 2241, a § 2255 motion is a further step in petitioner's criminal case over which this Court could exercise jurisdiction. See 28 U.S.C. § 2255; see also Rule 1 of the Rules Governing §2255 Cases in the United States District Courts advisory committee's note. Even if this Court were to construe the petition as seeking relief under § 2255, however, this Court could not grant him relief.

Title 28 U.S.C. § 2255 now provides that a one-year period of limitation applies to § 2255 motions. As applicable to this case, the one-year period of limitation expired in April

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1997.  See Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir.

1999) (one-year period of limitations expires in April 1997 where

conviction becomes final before effective date of the AEDPA).

The petition presents no basis for equitable tolling of that time

period.  As petitioner did not file the instant action until June

3, 2005, the instant action is time-barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed

in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's application for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED.**

An appropriate order will accompany this memorandum and

order.

Dated this 26th day of September, 2005.


/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com